UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. _____

NORMA REYNES,

    Plaintiff,

v.

PARADISE CRUISE LINE OPERATOR, LTD., INC.
D/B/A BAHAMAS PARADISE CRUISE LINE;
BPCL MANAGEMENT, LLC D/B/A BAHAMAS
PARADISE CRUISE LINE; CRUISE OPERATOR,
INC. D/B/A BAHAMAS PARADISE CRUISE LINE,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NORMA REYNES ("Plaintiff"), by and through her undersigned counsel, hereby files her Complaint and Demand for Jury Trial and sues Defendants, PARADISE CRUISE LINE OPERATOR, LTD., INC. D/B/A BAHAMAS PARADISE CRUISE LINE; BPCL MANAGEMENT, LLC D/B/A BAHAMAS PARADISE CRUISE LINE; CRUISE OPERATOR, INC. D/B/A BAHAMAS PARADISE CRUISE LINE ("Defendants"), and alleges the following:

### JURISDICTION AND VENUE

1. This action seeks damages *in excess* of seventy-five thousand dollars ($75,000.00) and is within the jurisdictional limits of this Court.

2. This matter arises out of a maritime and admiralty claim and is controlled by the federal general maritime law of the United States. 28 U.S.C. § 1333.

3. Plaintiff also asserts all claims arising and relating to Florida state law under the Savings

to Suitors Clause of 28 U.S.C. § 1333(1).

4. This is an action for negligence arising from an injury that occurred on the cruise ship *M/V GRAND CELEBRATION*, a vessel which was and is owned, managed, controlled, and operated by Defendants, PARADISE CRUISE LINE OPERATOR, LTD., INC. D/B/A BAHAMAS PARADISE CRUISE LINE; BPCL MANAGEMENT, LLC D/B/A BAHAMAS PARADISE CRUISE LINE; and CRUISE OPERATOR, INC. D/B/A BAHAMAS PARADISE CRUISE LINE.

5. Venue is proper in this Court, pursuant to the passenger ticket issued by Defendant(s) that contains a venue selection clause requiring all disputes arising out of and in connection with the subject cruise be litigated in the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

6. At all material times, Plaintiff, NORMA REYNES, was and is a citizen and resident of the United States, and at all material times was and is *sui juris*.

7. At all material times, Defendant, PARADISE CRUISE LINE OPERATOR, LTD., INC. D/B/A BAHAMAS PARADISE CRUISE LINE, was and is a business entity and common carrier engaged in the passenger cruise business with its principal place of business in Florida and a registered agent located at CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

8. This Court has personal jurisdiction over PARADISE CRUISE LINE OPERATOR, LTD., INC. D/B/A BAHAMAS PARADISE CRUISE LINE because Defendant has, at all times relevant to this cause of action, through its agents, officers, distributors, and/or representatives:

   a. Held its principal place of business in Deerfield Beach, Broward County, Florida;

    b. Operated, conducted, engaged in, and/or carried on a business venture in Florida and has an office in Florida;

    c. Operated cruise ships that arrive and depart from ports in the State of Florida;

    d. Used, possessed, or held a mortgage or other lien on real property within Florida;

    e. Engaged in substantial and not isolated activities within Florida by maintaining stores, offices, employees, distributors, and/or registered agents in Florida, selling products in Florida, advertising products in Florida, and/or entering into contracts in Florida; and,

    f. Pursuant to its ticket contract, Defendant submits itself to the jurisdiction of this Court.

9. At all material times, Defendant, CRUISE OPERATOR, INC. D/B/A BAHAMAS PARADISE CRUISE LINE, was and is a business entity and common carrier engaged in the passenger cruise business with its principal place of business in Florida and a registered agent located at 100 W. Cypress Creek Road, Suite 640, Fort Lauderdale, Florida 33309.

10. This Court has personal jurisdiction over CRUISE OPERATOR, INC. D/B/A BAHAMAS PARADISE CRUISE LINE because Defendant has, at all times relevant to this cause of action, through its agents, officers, distributors, and/or representatives:

    a. Held its principal place of business in Broward County, Florida;

    b. Operated, conducted, engaged in, and/or carried on a business venture in Florida and has an office in Florida;

    c. Operated cruise ships that arrive and depart from ports in the State of Florida;

    d. Used, possessed, or held a mortgage or other lien on real property within Florida;

    e. Engaged in substantial and not isolated activities within Florida by maintaining stores, offices, employees, distributors, and/or registered agents in Florida, selling products in Florida, advertising products in Florida, and/or entering into contracts in Florida; and,

    f.   Pursuant to its ticket contract, Defendant submits itself to the jurisdiction of this Court.

11. At all material times, Defendant, BPCL MANAGEMENT, LLC D/B/A BAHAMAS PARADISE CRUISE LINE, was and is a business entity and common carrier engaged in the passenger cruise business with its principal place of business in Florida and a registered agent located at 100 W. Cypress Creek Road, Suite 640, Fort Lauderdale, Florida 33309.

12. This Court has personal jurisdiction over BPCL MANAGEMENT, LLC D/B/A BAHAMAS PARADISE CRUISE LINE because Defendant has, at all times relevant to this cause of action, through its agents, officers, distributors, and/or representatives:

    a. Held its principal place of business in Broward County, Florida;

    b. Operated, conducted, engaged in, and/or carried on a business venture in Florida and has an office in Florida;

    c. Operated cruise ships that arrive and depart from ports in the State of Florida;

    d. Used, possessed, or held a mortgage or other lien on real property within Florida;

    e. Engaged in substantial and not isolated activities within Florida by maintaining stores, offices, employees, distributors, and/or registered agents in Florida, selling products in Florida, advertising products in Florida, and/or entering into contracts in Florida; and,

    f. Pursuant to its ticket contract, Defendant submits itself to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

13. On or about August 3, 2019, the Plaintiff, NORMA REYNES, was lawfully and properly a fare-paying passenger and business invitee on board the Defendant's ship, the *M/V GRAND CELEBRATION*.

14. On August 3, 2019, Plaintiff was walking across the marble floor outside of the casino of the ship, when she slipped and fell on her back, sustaining severe injuries including

fractured vertebrae.

15. The marble floor was unreasonably slippery at the time Plaintiff slipped and fell, and upon information and belief, the floor may have been wet with water, grease, food, or another transitory substance.

16. The floor was unreasonably slippery because it had an inadequate coefficient of friction ("COF") for the safety of Defendant's passengers, including Plaintiff.

17. There were no warning signs, cones, barriers, or crew members in the area to warn Plaintiff of the dangerously wet and/or unreasonably slippery marble floor.

18. As a result of this traumatic fall, Plaintiff sustained severe and permanent injuries, including but not limited to fractured vertebrae and severe excruciating pain.

19. The marble floor outside of the casino on the *M/V GRAND CELEBRATION* is a high-traffic area, and leads to a dining area onboard the vessel.

20. It is foreseeable that people onboard the vessel walking through this area may spill drinks or food, which would cause dangerous conditions to exist and may cause injury to others.

21. The wet and dangerously slippery floor had existed for a sufficient amount of time that Defendant should have taken corrective measures to remedy the dangerous conditions or to warn passengers.

22. There were crewmembers observed working in and around the area, who should have taken steps to warn passengers, including Plaintiff, of the danger, or taken steps to remedy the wet and unreasonably slippery floor.

23. Upon information and belief, several other passengers and crew have slipped and fallen on this marble floor prior to Plaintiff's incident.

24. Defendant had knowledge that the marble floor was unreasonably slippery, yet failed to

properly maintain the floor so that it had an adequate COF and failed to remedy the danger.

25. Similar floors across the *M/V GRAND CELEBRATION* have been carpeted due to their slipperiness and the danger to passengers.

## COUNT I – NEGLIGENCE BY PARADISE CRUISE LINE OPERATOR LTD., INC.

Plaintiff realleges and hereby incorporates paragraphs 1 through 25, and further alleges:

26. At all times material hereto, the Defendant, PARADISE CRUISE LINE OPERATOR LTD., INC. D/B/A BAHAMAS PARADISE CRUISE LINE, owed a duty to Plaintiff to use reasonable care under the circumstances in maintaining the premises of the *M/V GRAND CELEBRATION* in a reasonably safe condition and operating the vessel in a reasonably safe manner.

27. Defendant also had a duty to warn Plaintiff of any dangerous conditions onboard the vessel of which Defendant knew or should have known.

28. Defendant knew or should have known of the dangerous and unsafe conditions of the wet and/or unreasonably slippery marble floor outside of the casino, and knew that passengers and business invitees are expected to frequently traverse the area with food and beverages, and Defendant failed to take reasonable steps to correct the hazards or to warn Plaintiff of the hazards.

29. Defendant knew, or in the exercise of reasonable care should have known, that its passengers and business invitees, including Plaintiff, would encounter the unsafe wet and/or slippery marble floor in the normal course of their usage of the vessel's facilities, especially dining facilities. Defendant, therefore, had a duty to warn of any dangerous conditions said invitees would encounter during normal usage. *Samuelov v. Carnival Cruise Lines, Inc.*, 870 So. 2d 853, 856 (Fla. 3d DCA 2003) (property owner has a duty to

warn of dangerous conditions that the owner has reason to believe its business invitees will encounter regardless of open and obvious nature of the condition).

30. Defendant breached its duty owed to Plaintiff by committing one or more of the following acts and/or omissions, and/or was negligent in the operation, maintenance, and control of the *M/V GRAND CELEBRATION* in the following respects:

   a. Failing to exercise reasonable care for the safety of its passengers, including Plaintiff;

   b. Creating and/or negligently designing an unreasonably slippery marble floor, which Defendant knows is a high-traffic area that connects passengers to a casino and dining;

   c. Failing to provide a reasonably safe floor surface for use by its passengers, that is reasonably designed for the safety of its passengers, including but not limited to utilizing a floor surface that Defendant knows does not contain an adequate COF on its marble floor surface;

   d. Failing to properly inspect and/or maintain the marble floor in a reasonably safe condition for use by its passengers, including Plaintiff;

   e. Failing to place carpet and/or mats on the floor surface, as Defendant had done in other areas of the ship;

   f. Failing to properly inspect and clean the floor prior to the incident;

   g. Failing to warn passengers, including Plaintiff, of the dangerous and unreasonably slippery floor surface that Defendant knew its passengers would encounter;

   h. Failing to take corrective measures within a reasonable amount of time upon

noticing the dangerous condition;

    i. Allowing a dangerous condition to exist notwithstanding prior incidents involving similar slip and falls on the same or similar flooring surface(s) on Defendants' vessel(s); and

    j. Other acts of fault and negligence that will be proven at trial.

31. The dangerous conditions alleged above existed for a sufficient amount of time that Defendant knew or should have known of the danger and should have taken corrective measures to remedy the dangerous conditions in a timely manner. Defendant was on actual or constructive notice of the presence of said dangerous conditions.

32. Defendant was also on constructive notice of the unsafe condition in that it chose an unsafe design of the area in question, including a design with inadequate COF that caused a slipping hazard for passengers, which it knew or should have known would inevitably happen in the normal course of usage. Said negligent selection and design make Defendant liable for actually creating the unreasonably dangerous condition.

33. Defendant, at all times material hereto, had a non-delegable duty as a ship owner to comply with the International Safety Management (ISM) Code, which requires vessel operators to establish safeguards against identified risks aboard vessels, such as slipping hazards.

34. Upon information and belief, and based on the unreasonably dangerous condition of the marble floor, several passengers had slipped and fallen prior to the incident involving Plaintiff, or experienced "near misses" on the same or similar flooring surface, and Defendant and/or its crew members were well aware of this information.

35. Due to its negligence, Defendant directly and proximately caused injuries and damages to Plaintiff, which are continuing and permanent in nature, as follows:

a. Plaintiff sustained and will continue to suffer bodily injuries and mental pain and suffering, disability, disfigurement, physical impairment, inconvenience, loss of capacity for the enjoyment of life, lost wages, and diminished earning capacity;

b. Plaintiff has incurred medical, hospital, nursing, therapy, and pharmaceutical expenses and will continue to incur such expenses as long as her condition continues; and

c. Plaintiff may suffer aggravation of a pre-existing condition.

36. All conditions precedent to filing this lawsuit have been complied with or waived.

**WHEREFORE**, Plaintiff, NORMA REYNES, demands judgment for damages against the Defendant, PARADISE CRUISE LINE OPERATOR, LTD., INC. D/B/A BAHAMAS PARADISE CRUISE LINE, costs, interest, attorneys' fees, and demands a trial by jury, and such other and further relief as the Court deems just and proper, both in law and in equity.

## COUNT II – NEGLIGENCE BY CRUISE OPERATOR, INC.

Plaintiff realleges and hereby incorporates paragraphs 1 through 25, and further alleges:

37. At all times material hereto, the Defendant, CRUISE OPERATOR, INC. D/B/A BAHAMAS PARADISE CRUISE LINE, owed a duty to Plaintiff to use reasonable care under the circumstances in maintaining the premises of the *M/V GRAND CELEBRATION* in a reasonably safe condition and operating the vessel in a reasonably safe manner.

38. Defendant also had a duty to warn Plaintiff of any dangerous conditions onboard the vessel of which Defendant knew or should have known.

39. Defendant knew or should have known of the dangerous and unsafe conditions of the wet and/or unreasonably slippery marble floor outside of the casino, and knew that passengers

and business invitees are expected to frequently traverse the area with food and beverages, and Defendant failed to take reasonable steps to correct the hazards or to warn Plaintiff of the hazards.

40. Defendant knew, or in the exercise of reasonable care should have known, that its passengers and business invitees, including Plaintiff, would encounter the unsafe wet and/or slippery marble floor in the normal course of their usage of the vessel's facilities, especially dining facilities. Defendant, therefore, had a duty to warn of any dangerous conditions said invitees would encounter during normal usage. *Samuelov v. Carnival Cruise Lines, Inc.*, 870 So. 2d 853, 856 (Fla. 3d DCA 2003) (property owner has a duty to warn of dangerous conditions that the owner has reason to believe its business invitees will encounter regardless of open and obvious nature of the condition).

41. Defendant breached its duty owed to Plaintiff by committing one or more of the following acts and/or omissions, and/or was negligent in the operation, maintenance, and control of the *M/V GRAND CELEBRATION* in the following respects:

   k. Failing to exercise reasonable care for the safety of its passengers, including Plaintiff;

   l. Creating and/or negligently designing an unreasonably slippery marble floor, which Defendant knows is a high-traffic area that connects passengers to a casino and dining;

   m. Failing to provide a reasonably safe floor surface for use by its passengers, that is reasonably designed for the safety of its passengers, including but not limited to utilizing a floor surface that Defendant knows does not contain an adequate COF on its marble floor surface;

    n. Failing to properly inspect and/or maintain the marble floor in a reasonably safe condition for use by its passengers, including Plaintiff;

    o. Failing to place carpet and/or mats on the floor surface, as Defendant had done in other areas of the ship;

    p. Failing to properly inspect and clean the floor prior to the incident;

    q. Failing to warn passengers, including Plaintiff, of the dangerous and unreasonably slippery floor surface that Defendant knew its passengers would encounter;

    r. Failing to take corrective measures within a reasonable amount of time upon noticing the dangerous condition;

    s. Allowing a dangerous condition to exist notwithstanding prior incidents involving similar slip and falls on the same or similar flooring surface(s) on Defendants' vessel(s); and

    t. Other acts of fault and negligence that will be proven at trial.

42. The dangerous conditions alleged above existed for a sufficient amount of time that Defendant knew or should have known of the danger and should have taken corrective measures to remedy the dangerous conditions in a timely manner. Defendant was on actual or constructive notice of the presence of said dangerous conditions.

43. Defendant was also on constructive notice of the unsafe condition in that it chose an unsafe design of the area in question, including a design with inadequate COF that caused a slipping hazard for passengers, which it knew or should have known would inevitably happen in the normal course of usage. Said negligent selection and design make Defendant liable for actually creating the unreasonably dangerous condition.

44. Defendant, at all times material hereto, had a non-delegable duty as a ship owner to comply with the International Safety Management (ISM) Code, which requires vessel operators to establish safeguards against identified risks aboard vessels, such as slipping hazards.

45. Upon information and belief, and based on the unreasonably dangerous condition of the marble floor, several passengers had slipped and fallen prior to the incident involving Plaintiff, or experienced "near misses" on the same or similar flooring surface, and Defendant and/or its crew members were well aware of this information.

46. Due to its negligence, Defendant directly and proximately caused injuries and damages to Plaintiff, which are continuing and permanent in nature, as follows:

    d. Plaintiff sustained and will continue to suffer bodily injuries and mental pain and suffering, disability, disfigurement, physical impairment, inconvenience, loss of capacity for the enjoyment of life, lost wages, and diminished earning capacity;

    e. Plaintiff has incurred medical, hospital, nursing, therapy, and pharmaceutical expenses and will continue to incur such expenses as long as her condition continues; and

    f. Plaintiff may suffer aggravation of a pre-existing condition.

47. All conditions precedent to filing this lawsuit have been complied with or waived.

**WHEREFORE**, Plaintiff, NORMA REYNES, demands judgment for damages against the Defendant, CRUISE OPERATOR, INC. D/B/A BAHAMAS PARADISE CRUISE LINE, costs, interest, attorneys' fees, and demands a trial by jury, and such other and further relief as the Court deems just and proper, both in law and in equity.

## COUNT III – NEGLIGENCE BY BPCL MANAGEMENT, LLC

Plaintiff realleges and hereby incorporates paragraphs 1 through 25, and further alleges:

48. At all times material hereto, the Defendant, BPCL MANAGEMENT, LLC D/B/A BAHAMAS PARADISE CRUISE LINE, owed a duty to Plaintiff to use reasonable care under the circumstances in maintaining the premises of the *M/V GRAND CELEBRATION* in a reasonably safe condition and operating the vessel in a reasonably safe manner.

49. Defendant also had a duty to warn Plaintiff of any dangerous conditions onboard the vessel of which Defendant knew or should have known.

50. Defendant knew or should have known of the dangerous and unsafe conditions of the wet and/or unreasonably slippery marble floor outside of the casino, and knew that passengers and business invitees are expected to frequently traverse the area with food and beverages, and Defendant failed to take reasonable steps to correct the hazards or to warn Plaintiff of the hazards.

51. Defendant knew, or in the exercise of reasonable care should have known, that its passengers and business invitees, including Plaintiff, would encounter the unsafe wet and/or slippery marble floor in the normal course of their usage of the vessel's facilities, especially dining facilities. Defendant, therefore, had a duty to warn of any dangerous conditions said invitees would encounter during normal usage. *Samuelov v. Carnival Cruise Lines, Inc.*, 870 So. 2d 853, 856 (Fla. 3d DCA 2003) (property owner has a duty to warn of dangerous conditions that the owner has reason to believe its business invitees will encounter regardless of open and obvious nature of the condition).

52. Defendant breached its duty owed to Plaintiff by committing one or more of the following acts and/or omissions, and/or was negligent in the operation, maintenance, and control of

the *M/V GRAND CELEBRATION* in the following respects:

- u. Failing to exercise reasonable care for the safety of its passengers, including Plaintiff;

- v. Creating and/or negligently designing an unreasonably slippery marble floor, which Defendant knows is a high-traffic area that connects passengers to a casino and dining;

- w. Failing to provide a reasonably safe floor surface for use by its passengers, that is reasonably designed for the safety of its passengers, including but not limited to utilizing a floor surface that Defendant knows does not contain an adequate COF on its marble floor surface;

- x. Failing to properly inspect and/or maintain the marble floor in a reasonably safe condition for use by its passengers, including Plaintiff;

- y. Failing to place carpet and/or mats on the floor surface, as Defendant had done in other areas of the ship;

- z. Failing to properly inspect and clean the floor prior to the incident;

- aa. Failing to warn passengers, including Plaintiff, of the dangerous and unreasonably slippery floor surface that Defendant knew its passengers would encounter;

- bb. Failing to take corrective measures within a reasonable amount of time upon noticing the dangerous condition;

- cc. Allowing a dangerous condition to exist notwithstanding prior incidents involving similar slip and falls on the same or similar flooring surface(s) on Defendants' vessel(s); and

       dd. Other acts of fault and negligence that will be proven at trial.

53. The dangerous conditions alleged above existed for a sufficient amount of time that Defendant knew or should have known of the danger and should have taken corrective measures to remedy the dangerous conditions in a timely manner. Defendant was on actual or constructive notice of the presence of said dangerous conditions.

54. Defendant was also on constructive notice of the unsafe condition in that it chose an unsafe design of the area in question, including a design with inadequate COF that caused a slipping hazard for passengers, which it knew or should have known would inevitably happen in the normal course of usage. Said negligent selection and design make Defendant liable for actually creating the unreasonably dangerous condition.

55. Defendant, at all times material hereto, had a non-delegable duty as a ship owner to comply with the International Safety Management (ISM) Code, which requires vessel operators to establish safeguards against identified risks aboard vessels, such as slipping hazards.

56. Upon information and belief, and based on the unreasonably dangerous condition of the marble floor, several passengers had slipped and fallen prior to the incident involving Plaintiff, or experienced "near misses" on the same or similar flooring surface, and Defendant and/or its crew members were well aware of this information.

57. Due to its negligence, Defendant directly and proximately caused injuries and damages to Plaintiff, which are continuing and permanent in nature, as follows:

       g. Plaintiff sustained and will continue to suffer bodily injuries and mental pain and suffering, disability, disfigurement, physical impairment, inconvenience, loss of capacity for the enjoyment of life, lost wages, and diminished earning capacity;

    h. Plaintiff has incurred medical, hospital, nursing, therapy, and pharmaceutical expenses and will continue to incur such expenses as long as her condition continues; and

    i. Plaintiff may suffer aggravation of a pre-existing condition.

58. All conditions precedent to filing this lawsuit have been complied with or waived.

**WHEREFORE**, Plaintiff, NORMA REYNES, demands judgment for damages against the Defendant, BPCL MANAGEMENT, LLC D/B/A BAHAMAS PARADISE CRUISE LINE, costs, interest, attorneys' fees, and demands a trial by jury, and such other and further relief as the Court deems just and proper, both in law and in equity.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable as a matter of law.

Respectfully submitted,

BILLERA LAW, PLLC
*Attorneys for Plaintiff*
2201 NW Corporate Blvd., Suite 200
Boca Raton, FL 33431
Telephone: (561) 500-7777
Facsimile: (561) 500-7778
John@billeralaw.com
Jessica@billeralaw.com

By: ___*/s/ Jessica Quiggle*___
    JESSICA QUIGGLE, ESQ.
    Florida Bar No.: 107051