UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE, FLORIDA
Case No. 20-61474-CIV-CANNON/HUNT

NORMA REYNES

      Plaintiff,

v.

PARADISE CRUISE LINE
OPERATOR LTD, INC,
d/b/a BAHAMA PARADISE
CRUISE LINE,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

  This matter is before this Court on Plaintiff's Motion for Default as a Spoliation Sanction. ECF No. 51. The Honorable Aileen M. Cannon referred this motion to the undersigned United States Magistrate Judge for a Report and Recommendation. *See* ECF No. 73, *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motion, the response and reply, the court file, and applicable law, and having heard argument on the Motion on June 7, 2021, the undersigned respectfully recommends the Motion be DENIED without prejudice for the reasons outlined below.

## Background

  This case concerns a slip and fall incident that occurred on August 3, 2019, on one of Defendant's cruise ships. After sending Defendant "numerous" representation letters as early as October 2019, Plaintiff's counsel filed suit on July 21, 2020. The Court issued a scheduling order on November 5, 2020, and the Parties engaged in discovery. On or about October 16, 2020, Defendant entered into an agreement to sell the ship upon which

the fall occurred.  The ship was turned over to the purchaser on November 13, 2020.  Plaintiff was notified of the ship's sale on January 25, 2021 and was unable to have her expert examine the ship prior to it being scrapped.  Plaintiff now seeks sanctions for Defendant's alleged spoliation of evidence she believes is critical to her case.

## **Argument**

Plaintiff claims that, as early as October 2019, Defendant was aware Plaintiff intended to sue.  Plaintiff argues that, despite numerous efforts on her part, she was unable to arrange a time for her expert to examine the flooring upon which the fall occurred.  Plaintiff also claims that Defendant has destroyed relevant documents, alleging that a second video of the incident and relevant records that were on the ship were lost.

Defendant counters that its decision to sell the vessel was based solely on the worldwide cruise shutdown due to the COVID-19 pandemic.  Defendant argues there was no specific request to preserve the ship prior to its sale, noting that Plaintiff requested only photographs and video, which were produced.  Defendant further argues that it searched all maintenance and incident records prior to the sale, and that no responsive records existed.  Defendant contends that Plaintiff first requested to inspect the vessel on February 2, 2021, roughly a week after Plaintiff's counsel was informed of the sale, and notes that Plaintiff failed to retain her expert until March 2021.  Defendant states that by the time it located the ship, it was in India being scrapped.  Given that Plaintiff never requested to inspect the flooring, Defendant contends it had no duty to preserve it, and that the video and Plaintiff's testimony are sufficient to prove Plaintiff's prima facie claim.

Ultimately, Defendant argues, Plaintiff had over a year to request to inspect the ship and did not do so, and that Plaintiff has not shown Defendant destroyed the vessel

2

to hide evidence.  Plaintiff replies that Defendant clearly knew about the litigation, should have known she would inspect the ship, should have preserved the on-ship records, and should have at a minimum informed Plaintiff as soon as Defendant knew the sale was finalized.

This Court held a hearing on Plaintiff's Motion on June 7, 2021.  Although Plaintiff initially argued that Defendant's malfeasance justified the case being entirely decided in her favor, Plaintiff's counsel at the hearing conceded that this remedy is likely not justified.[1]  Instead, Plaintiff now seeks some lesser sanction, such as a rebuttable presumption, that nonetheless provides Plaintiff some relief.

## Analysis

The test to determine whether sanctions are justified in an alleged spoliation case is as follows: "[t]he party seeking [spoliation] sanctions must prove . . . first, that the missing evidence existed at one time; second, that the alleged spoliator had a duty to preserve the evidence; and third, that the evidence was crucial to the movant being able to prove its prima facie case or defense." *In Re Bos. Boat III, L.L.C.*, 310 F.R.D. 510, 515 (S.D. Fla. 2015) (alterations in original).

There appear to be three categories of evidence at issue.  The first category is the ship itself. The second category concerns the records which were allegedly on the ship. The final category concerns video of the incident which Defendant admits once existed but has since been lost.

---

[1] Although Plaintiff concedes that the spoliation issues will not be outcome-determinative, the request that the case be decided in her favor nonetheless remains the subject of the Motion before the Court.  Accordingly, the undersigned submits this as a Report and Recommendation, in keeping with 28 U.S.C. § 636(b) and S.D. Fla. Mag. R. 1

Regarding the records, Plaintiff points to deposition testimony that certain records relevant to her case would have been kept on ship in both paper and electronic forms. Plaintiff argues that evidence she believes would have been on the ship has not been turned over and must have been destroyed. Defendant, however, states that prior to the ship's destruction, all records, both physical and digital, were searched, and nothing responsive to Plaintiff's inquiries was found. Although Plaintiff has shown that records existed, she cannot point to any particular evidence responsive to her request that existed but has not been turned over. Defendant represented to this Court that all ship records were searched, and no responsive documents were found. Accordingly, the undersigned finds that the first spoliation requirement has not been met, and Plaintiff's arguments regarding any allegedly missing records fail.

The undersigned next addresses the first and third categories of evidence, which share several things in common. First, the issue of whether they existed seems clear. No one is arguing that the ship did not at one time exist. Likewise, Defendant admits that there was a second video of the incident that it once had in its possession, but that it failed to preserve due to a decision at the time of the incident to keep only one of the videos. *See* ECF No. 65-1 at 23-24, 26-27.

"A party's duty to preserve evidence only 'arises once litigation is pending or reasonably foreseeable.'" *Easterwood v. Carnival Corp.*, No. 19-22932-CIV-BLOOM/LOUIS, 2020 WL 6781742, at *5 (S.D. Fla. Nov. 18, 2020) (quoting *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009)). Defendant's security officer was well aware that video of the incident should be preserved, as he admitted at deposition that he retained one of the two videos that captured the incident. ECF No. 65-1 at 23-24.

4

Defendant's officer said he retained the video that best preserved the incident. However, he allowed the other video, which he claimed was foggy and unclear, to stay on the ship's system. The video that stayed on the ship's system was erased after three months. ECF No. 65-1 at 5. At the very least, Defendant was aware as of October 2019 that Plaintiff would likely be suing over the incident, which means that, prior to the video's erasure, litigation was reasonably foreseeable. Accordingly, the undersigned finds that Defendant did have a duty to preserve the second video.

Turning to the destruction of the ship, it is clear that the ship existed at one time. Further, despite the lack of a specific request, Defendant should have known that Plaintiff would likely want to examine the ship's flooring. Defendant was well aware of the litigation prior to the ship's sale, and, at a minimum, should have told Plaintiff of the ship's sale at the time it was conducted, rather than months later.

Regarding the cruciality of the evidence, the two categories diverge slightly. As to the issue of whether the video was crucial to Plaintiff's case, the inquiry the Court must engage in appears to be defined by the Federal Rules. Because the video was stored electronically, *see* ECF No. 65-1 at 25, it falls under the ambit of Fed. R. Civ. P. 37(e), pertaining to electronically stored information. *See Sosa v. Carnival Corp.*, No. 18-20957-CIV-ALTONAGA/GOODMAN, 2018 WL 6335178, at *11-12 (S.D. Fla. Dec. 4, 2018).

Federal Rule of Civil Procedure 37(e) states that:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> > **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

5

> **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> > **(A)** presume that the lost information was unfavorable to the party;
> > **(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or
> > **(C)** dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

It is clear from the above discussion that the video should have been preserved, and that Defendant failed to take reasonable steps to preserve it. Nonetheless, the undersigned sees no evidence that Defendant intentionally withheld the video. The only evidence before this Court is that only the clearest depiction of the incident was retained. There is nothing to indicate that anything other than negligence led to the video's destruction.

The next inquiry then, is whether Plaintiff is prejudiced by its loss. This is less clear. Defendant has turned over a video capturing the incident. At best, the second video would provide another angle from which to view the incident. From the record before this Court, it is difficult to determine whether Plaintiff is indeed prejudiced.

Assuming, *arguendo*, that Plaintiff was prejudiced, the Court would be required to "order measures no greater than necessary to cure the prejudice." At present, there is nothing to indicate that the second video showed anything more than the first. However, were this to become an issue at trial, Plaintiff would be well within her rights to ask the Court to address any attempt by Defendant to gain some advantage from the absence of the erased video.

Turning now to the question of whether the ship was crucial to Plaintiff being able to prove her prima facie case, the undersigned likewise finds this a close question. Again,

Plaintiff does have access to a video that depicts the incident in question, and the Parties acknowledge that Plaintiff's expert rendered an opinion regarding Plaintiff's fall. However, Plaintiff makes a credible claim that her case would be significantly stronger if her expert were able to examine the actual flooring.

The Eleventh Circuit recently decided a case that may help guide the inquiry. In *Tesoriero v. Carnival Corp.*, 965 F.3d 1170 (11th Cir. 2020), that Court wrote:

> Spoliation sanctions—and in particular adverse inferences—cannot be imposed for negligently losing or destroying evidence. Indeed, "an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith." *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997). And bad faith "in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015). This consideration is key in evaluating bad faith because the party's reason for destroying evidence is what justifies sanctions (or a lack thereof). "Mere negligence is not enough, for it does not sustain an inference of consciousness of a weak case." *Vick v. Tex. Emp't Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975) (citation omitted).

*Id.* at 1184.

At this point, the undersigned finds there is nothing to indicate that Defendant sold the ship for the purpose of hiding adverse evidence. And, given Plaintiff's lack of specific inquiry, it is arguable whether Defendant was "fully aware" that Plaintiff would want to have her examine the flooring. *See id.* ("And unlike the plaintiff in *Flury* [*v. Daimler Chrysler Corp.*, 427 F.3d 939 (11th Cir. 2005)], [Defendant] cannot be said to have been "fully aware" of Tesoriero's desire to further inspect the [spoliated evidence]."). Further, this Court cannot say that the "act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator." *Calixto v. Watson Bowman Acme Corp.*, No. 07-60077-CIV-ROSENBAUM, 2009 WL 3823390, at *16 (S.D. Fla. Nov. 16, 2009). Given these conclusions, it does not seem that ordering any adverse

inferences, presumptions, or jury instructions that would benefit Plaintiff are warranted at this point.

That does not, however, mean that sanctions might not be justified at all. Certainly, Defendant should not be allowed to point to Plaintiff's failure to examine the ship as evidence that the conclusions of Plaintiff's expert are faulty, nor should Defendant be allowed to use an expert who *did* have access to the ship to defend itself against Plaintiff's claims by taking advantage of that access. At that point, there would be both a stronger case to conclude that the destroyed evidence was crucial to Plaintiff's case, and it would give rise to a much stronger suspicion that Defendant was acting in bad faith when the evidence was destroyed. That is not, however, the situation that this Court finds before it presently.

Under these circumstances, the undersigned recommends that sanctions against Defendant are unwarranted at this time. Nonetheless, the undersigned does recommend that the trial court take care that Defendant does not use the lost evidence to gain an untoward advantage. Should the Court feel Defendant is doing so, Plaintiff should at the very least be allowed wide latitude to inquire, and to argue to a jury, as to why the evidence is unavailable, and what the evidence might have shown. Although the presumption Plaintiff requests is not justified at this time, Defendant would be wise to avoid doing anything that might change the analysis in the future.

## **RECOMMENDATION**

Accordingly, it is hereby RECOMMENDED that:

Plaintiff's Motion for Default as Spoliation Sanction, ECF No. 51, be DENIED without prejudice.

8

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 10th day of June, 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:

The Honorable Aileen M. Cannon
All counsel of record